UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SELENA C. WITCHER,

                              Plaintiff,

                -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

                             Defendants.

21-CV-7750 (PGG)

**ORDER OF SERVICE**

---

PAUL G. GARDEPHE, United States District Judge:

      Plaintiff brings this pro se action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq., the New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq., and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 et seq., alleging that her employer discriminated and retaliated against her on the basis of her disability.  (See Cmplt. (Dkt. No. 2))  By order dated October 1, 2021, the Court granted Plaintiff's request to proceed in forma pauperis (IFP).  (See Dkt. No. 7)

### DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date

summonses are issued.  If the complaint is not served within that time, Plaintiff should request an extension of time for service.  See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants New York City Department of Education, Dr. Collin Wolfe, Dr. Loreno Moreno, and Victoria Walters through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses, complete the USM-285 forms with the addresses for New York City Department of Education, Dr. Collin Wolfe, Dr. Loreno Moreno, and Victoria Walters, and deliver to the U.S. Marshals Service all documents necessary to effect service.

3

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated: October 4, 2021
New York, New York

_____
PAUL G. GARDEPHE
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. New York City Department of Education
   52 Chambers Street
   New York, NY 10007

2. Dr. Collin Wolfe
   52 Chambers Street
   New York, NY 10007

3. Dr. Loreno Moreno
   52 Chambers Street
   New York, NY 10007

4. Victoria Walters
   52 Chambers Street
   New York, NY 10007