**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

SELENA C. WITCHER,

                                        **Plaintiff,**

                    -against-

**NEW YORK CITY DEPARTMENT OF**
**EDUCATION, et al.,**

                                        **Defendants.**

-------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __ 7/25/2025 __
```

**21-CV-07750 (JAV)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On July 15, 2025, *pro se* Plaintiff Selena Witcher filed a Motion for Disqualification of Magistrate Judge Netburn. ECF No. 155.

The disqualification of a federal judge is governed by 28 U.S.C. § 455. Section 455(a) requires that a judge recuse herself whenever an "objective, informed observer could reasonably question the judge's impartiality," regardless of whether she is actually or partially biased. United States v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000). While section 455(a) addresses the appearance of impropriety, section 455(b) addresses recusal based on actual personal bias or prejudice. Id. Therefore, recusal is requested under section 455(b)(1) when a plaintiff argues that the judge must have a bias against or in favor of a party. United States v. Carlton, 534 F.3d 97, 101 (2d Cir. 2008). Recusal motions are committed to the sound discretion of the district court. See United States v. Morrison, 153 F.3d 34, 48 (2d Cir. 1998).

Plaintiff points to several instances in the recent history of this case that she claims demonstrate my actual bias. First, Plaintiff claims that this case "was not handled in a professional manner" because it was remanded. ECF No. 155, at 1. She believes there is a

"conflict of interest" because the Court of Appeals for the Second Circuit remanded two claims, and the case is still assigned to me. Id. The fact of a remand does not evince any actual or perceived bias or partiality against Plaintiff. See LoCascio v. United States, 473 F.3d 493, 495 (2d Cir. 2007) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Additionally, the fact that the case is still assigned to me after the Court of Appeals' remand is not a basis for assuming bias or wrongdoing. See Liteky v. United States, 510 U.S. 540, 551 (1994) ("It has long been regarded as normal and proper for a judge to sit in the same case upon its remand . . . .").

Second, Plaintiff contends that I stated that I was amazed that the case was remanded, which she believes showed a lack of professionalism. Plaintiff does not cite to any transcript or order for this factual allegation, and I do not recall making such statement. Regardless, the Court's "comments and rulings in the context of the record as a whole" do not demonstrate any actual or perceived bias or partiality against Plaintiff. United States v. English, 629 F.3d 311, 321 (2d Cir. 2011); see also Liteky, 510 U.S. at 555–56 ("expressions of impatience, dissatisfaction, annoyance, and even anger" would not establish bias or partiality).

Third, Plaintiff claims that the Defendants' failure to produce Plaintiff's Google Classroom records evinces that I have not read or comprehended her request for documents. Defendants' failure to produce requested documents does not suggest actual or perceived bias or partiality against Plaintiff. The Court has worked with the parties, scheduling numerous conferences, to help the parties understand which documents are available and which are not. The Court has extended discovery to permit inquiry into these facts, even though this case has already enjoyed a much longer discovery schedule than cases of a similar stature. The Court's handling of these discovery disputes does not demonstrate bias.

Finally, Plaintiff asserts that my denial of her request to be deposed remotely shows that I am not reading or comprehending her updates to the Court. I assure Plaintiff that I have read her letters. As explained in the Court's July 10, 2025 Order, a plaintiff who chooses to file her case in the Southern District of New York must make herself available for examination there. ECF No. 148. Defendants are entitled to an in-person deposition. Still, I have attempted to reduce the burden on Plaintiff, taking into consideration her health concerns, by staggering the deposition time over two days. See ECF No. 150. This accommodation reflects no actual or perceived bias or partiality against Plaintiff. Moreover, "[f]ailure to grant the relief sought is not an adequate ground for recusal." Razzoli v. U.S.P.C., 10-CV-1842 (CBA), 2010 WL 5027548, at *1 (E.D.N.Y. Dec. 2, 2010).

The Court harbors no personal bias or prejudice concerning Plaintiff. Nor does Plaintiff offer any explanation as to why the Court's impartiality might reasonably be questioned. The Court of Appeals has explained that "'[a] judge is as much obliged not to recuse himself when it is not called for as he is obligated to when it is.'" In re Literary Works in Elec. Databases Copyright Litig., 509 F.3d 136, 140 (2d Cir. 2007) (quoting In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988)). The motion is denied. The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 154 and 155.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     July 25, 2025
           New York, New York